We'll hear argument in Spillers v. New York City Health and Hospitals. Corporation 181424. Good morning, Mr. Spillers. Good morning, Your Honors. If it pleases the court, I'm Mark Spillers, Pro Se Appellant. This is an employment discrimination case based on my nine years employment as a mental health counselor with the City of New York Health and Hospital Corporation. The district court shall equitably told the statute of limitations of my Title VII race and national origin, retaliation claim because the city purposefully withheld evidence dated September 23, 2008 that I may have request for of the retaliation which I first received during the discovery in the district case in 2016. After I complained about race and national origin discrimination by my Nigerian supervisors against black Americans like myself, my supervisor retaliated against me by altering my timesheets to falsely show that I was AWOL, absent without belief, for over 40 times. The altered timesheets negatively affected my 2007 workers' compensation claim and withheld my wages and gave the city a pretextual reason to later terminate me. Followed by my EEO complaint about disability discrimination for altering my timesheets, my associate director and clinical administrator continued to engage in retaliatory hostile acts until the day I was constructively terminated. Second, the district court made two errors in the September 28, 2007 decision that warranted reversal. First, my claim for denial of reasonable accommodation for my psychiatric disability was properly exhausted because I included it in my letter attachment as part of my charge to the EEO commission, which the EEO investigative officer instructed me to do. Second, there is the suggestion that the EEO asked about whether you asked for an accommodation and that you never answered that. What is your answer to that? It was in the letter of my attachment. The accommodation I asked, I was requesting an incident report that was needed to file a workers' compensation claim to address my work-related injury that was created at the job on the hand of the retaliation I was submitted to by the associate director. What I had done was, the district court did not understand how workers' compensation functioned. My reasonable accommodation request was for a brief period of time off without penalty under the workers' compensation board's rules and regulations to seek treatment for a workplace assault that exacerbated my psychologic disability. The district court found that my accommodation requests were not reasonable because it did not specify the period of time I needed for psychiatric treatment. But I could not specify the time off request because it depends on the workers' compensation board, it depends on me receiving medical treatment from my psychiatrist, medical treatment from my therapist, and depending on their diagnosis of me being able to return to work due to the work assault, then I would know when I would go back. As the city claimed, I was requesting unlimited time off. That's unreasonable. I mean, who would want unlimited time off for pain? What I was requesting was an incident report that was needed to file a workers' compensation claim. And the city know, they knowingly prevented me from applying for a workers' compensation claim that caused my constructive determination because I could not return to work without first undergoing psychiatric treatment. And they denied me the treatment I needed for not providing me an incident report that was needed to file a workers' compensation claim. And for these reasons, I request that the court vacate the district court decision dismissing my Title VII retaliatory claim and the ADA failure to accommodate claim and remand the case. Thank you. Thank you very much. Thank you. May it please the court? Speak right into the microphone, please. Thank you. May it please the court? My name is Yasmin Zainelbai, and I represent the city of New York Health and Hospitals in this action. First, this appeal concerns the district court's dismissal of Mr. Spiller's ADA claim for failure to accommodate his psychological disability. The district court had also dismissed other claims that he had for a hostile work environment, for discrimination under Title VII, but Mr. Spiller's did not challenge those on appeal. Is there such a difference between a claim of disability discrimination and a claim of failure to accommodate that we can't find those claims unrelated? Yes, especially here because he, so first below, he asserted two different disability claims, and it's important to keep those separate. One was for a physical disability, one was for a mental disability. Here, the difference is he claims that the lack of, the failure of New York City to provide him with an incident report is somehow discrimination due to his disability. That is different from him making a request that he had a disability and that there was something that the city could do to accommodate that in a way that would allow him to perform the essential functions of his job. They are not so related that his claim of one could allow the city to infer the other. And that's made clear by the EEOC form, which asks two separate questions. Were you, do you claim that you are discriminated against based on your disability? And then there's a separate second question. Did you request an accommodation for that disability? It's because they're two separate inquiries, and they are not reasonably related to one another. They are set up separately, but in a case of a pro se, can one, if under the first, he makes suggestions or claims that look like the second, is that enough so that we can say that a pro se raised it before the EEOC, or do we take the fact that he didn't answer the second question to be determinative of that question? Here, I think it should be determinative for the second reason that he claims that he attached a letter in which he requested an accommodation. In order for the city to be able to address his need, it has to be clear what it is that he's requesting, and that what he's asking for is an accommodation. That's not clear here. The city has to be able to respond to something, and it has to be able to understand. That is at page 144 in the record. It starts at AA143. It's an October 22, 2014 letter. If I could direct your attention to page AA144. This is the letter that was attached to his EEOC complaint. If you look the third full paragraph on that page down, or even the paragraph above that, he says, recently, I was advised by the above medical and clinical professionals that I should seek some time off to address my medical issues. Am I correct that the district court also decided that the accommodation requested, assuming it was not exhausted, was not a reasonable one? What is the basis of that? Sure. The basis, I think, was twofold. First, that his request essentially was for indefinite leave. As this court has found in Parker v. Columbia Pictures Industries, it addressed exactly that question and said, the duty to make reasonable accommodations does not, of course, require an employer to hold an injured employee's position open indefinitely while the employee attempts to recover. Is there a duty in a situation like that to come back with an accommodation which is a reasonable one? We can't let you go on leave forever, but given your mental problems, we can do this. Is there a duty of that sort or not? Well, here, the difficulty, I think, is that another essential link was missing, which is that he never asserted that with that accommodation, he could perform the essential functions of the job at issue. There's never any indication anywhere at the record, either from his letter or in the doctor's submissions that he made, that said he needs to take this leave and once he takes it, he will be able to return to work and perform this job. Without even that essential link, how could the city be on notice that he was asking for something that would allow him to return his job such that they should go back and forth with him and say, OK, I see that you requested that. Let's figure something out. They couldn't even be on notice that he was seeking an accommodation because he hasn't claimed that time off from work would allow him to return to work, essentially. Thank you very much. Rule of reserve decision, Mr. Spillers. That just means that we're not going to decide on the bench here, but you'll have a decision from us in due course. I think we have the full benefit of your arguments. Thank you very much. Thank you.